IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD C. COVERT,

    Plaintiff,

vs.                                          Case No. 4:15cv31-MW/CAS

CORIZON HEALTH, INC. et al.,

    Defendants.

                              /

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an amended complaint under § 1983 alleging the denial of medical care in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and negligence. ECF No. 11. When service could not be carried out on Defendant Swier, Plaintiff filed a notice of voluntary dismissal of his retaliation claim against Defendant Swier. ECF No. 52. That leaves Plaintiff's claims against Defendants Corizon Health, Inc., Defendant Kirkland, and Defendant Ward, who filed a motion for summary judgment. ECF No. 54. Plaintiff alleged a negligence claim and an Eighth Amendment claim against Corizon, Eighth and First

Amendment claims against Defendant Kirkland, and a negligence claim only against Defendant Ward.  ECF No. 11 at 22-23.  Plaintiff was advised of his obligation to respond in opposition to the Defendants' summary judgment motion.  ECF No. 57.  Plaintiff has not, however, filed any opposition to the summary judgment motion.  Instead, Plaintiff filed a "motion to voluntary dismissal [sic]," ECF No. 61, in which Plaintiff complained of difficulties in litigating this case.  Plaintiff essentially was requesting a settlement of this case and was not voluntarily dismissing his claims.  The motion was denied.  ECF No. 62.  This Report and Recommendation is entered on the pending motion for summary judgment, ECF No. 54, which is unopposed.  It is recommended that the motion be granted.

**I.     Legal standards governing a motion for summary judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must then show[1] though affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the nonmoving party's case." Id. at 325, 106 S. Ct. at 2554; Beard v. Banks, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006). Here, the evidence is not disputed.

---

[1] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

**2.    Defendant Ward**

Darlene Ward is a Licensed Practical Nurse who has worked at Wakulla Correctional Institution since July 2005.  Ex. B (ECF No. 54-3).  Her duties include following up on medication refills and she is in charge of the pharmacy at the Institution.  *Id.* at ¶5.  Plaintiff alleged that his omeprazole prescription did not arrive as it should have on December 23, 2013, and Ms. Ward refused to check on it.  Ms. Ward states in her declaration that review of Plaintiff's medical records reveals "no medical provider ordered a refill of his omeprazole in December 2013."  *Id.* at ¶6.  She notes that Plaintiff "had been prescribed Prilosec, which is omeprazole, on October 1, 2013, for eight weeks."  *Id.*  The stop date of the prescription was December 4, 2013, and the "medical records do not show that any provider refilled the medication in December 2013."  *Id.*  Ms. Ward "cannot prescribe medications" herself and "cannot give a patient a medication that has not been prescribed."  *Id.*

Accordingly, there is no evidence that Ms. Ward caused Plaintiff any harm, acted in willful disregard of Plaintiff's medical needs, or was negligent.  Summary judgment should be granted in her favor.

### 3. Corizon

Plaintiff brought two claims against Corizon Health, Inc. [hereinafter Corizon], but the claims raised in the complaint reveal that Plaintiff is seeking to hold Corizon liable for the "wrongful acts and omissions of its subordinates . . . ." ECF No. 11 at 22. Plaintiff specifically alleged that he "seeks to hold Corizon liable for the reckless conduct of its medical staff . . . ." *Id.* at 19.

Although not argued by Corizon, it is well established that respondeat superior and/or vicarious liability does not provide a basis for recovery under § l983. Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). One defendant cannot be held liable for the actions or omissions of other defendants. Thus, to the extent Plaintiff's claims against Corizon were based on supervisory liability and not a policy or custom or Corizon, the claims are insufficient and Corizon is entitled to summary judgment.

Plaintiff did, however, allege that he was told by Defendant Kirkland that "Corizon does not fill Omeprazole." *See* ECF No. 11 at 15. That

allegation is sufficient to assert a claim against Corizon based on its issuance of a policy and not just respondeat superior. However, the evidence refutes Plaintiff's allegation as Ms. Ward's declaration demonstrates Plaintiff was prescribed omeprazole for 8 weeks, and Plaintiff's own allegation in the complaint show he was prescribed that medication. ECF No. 11 at ¶33. The claim against Corizon for the denial of medical care pursuant to a policy or custom of Corizon is unsupported by the evidence. Summary judgment should be granted in favor of Corizon.

To the degree Plaintiff also alleged a claim for "intentional negligence," *Id.* at 22, Corizon is still entitled to summary judgment in its favor. First, negligent conduct, even though it causes injury, is not an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Second, if this claim were liberally construed as a state law medical negligence claim, Plaintiff did not comply with the requirements of state law, FLA. STAT. § 766.106 and § 766.203. Summary judgment should be granted in favor of Corizon on both claims.

## 4. Defendant Kirkland

Plaintiff's primary claims against Nurse Amy Kirkland are that she did not refill his omeprazole prescription, refused to change another medication (Tegretol), and prescribed him Ibuprofen. He further contends that Nurse Kirkland refused to send him to a specialist and discontinued his low residue diet.

Ms. Kirkland was a licensed Registered Nurse from 1981-1995, and since then, has been licensed as a Nurse Practitioner. Ex. A (ECF No. 54-1). Ms. Kirkland states in her declaration that she has "treated numerous patients with gastrointestinal issues such as gastroesophageal reflux disease ('GERD') and [she is] familiar with the standard of care for treating that condition." *Id.* at ¶3. Ms. Kirkland explains in her affidavit the medical reasons she prescribed Zantac over Prilosec, did not prescribe a low residue diet, refilled his Ibuprofen as Plaintiff requested (although she later directed Plaintiff to stop taking Ibuprofen), renewed his Tums prescription, and refused to provide a "GI consult." ECF No. 54-1. Ms. Kirkland described the numerous examinations and sick call treatments provided by other medical personnel as well. Ms. Kirkland advised that she prescribed medications to control Plaintiff's GERD and noted that Plaintiff "received

constant medical care." *Id.* at ¶36.  She avers that she "never denied care" to Plaintiff and denies telling Plaintiff that "poor healthcare is what he got for being in prison."  *Id.* at ¶38.

The Eighth Amendment of the United States Constitution requires that prisoners be provided treatment for their serious medical needs. Failing to provide treatment because a defendant is "deliberately indifferent" to a prisoner's plight results in cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).  Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm."  Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Deliberate indifference is a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292. "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). See also Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). For example, in Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests. The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision

> not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293. The undisputed evidence in this case shows that Plaintiff was provided medical care based upon Ms. Kirkland's medical judgment, and the basis for this case is Plaintiff's disagreement with the medical care provided. Because Plaintiff's disagreement with the medical decisions made by Ms. Kirkland is not a sufficient basis to an Eighth Amendment claim, summary judgment should be granted in favor of Ms. Kirkland as to that claim.

Plaintiff also alleged a First Amendment retaliation claim against Ms. Kirkland. She states in her declaration, however, that she was never aware that Plaintiff has filed grievances against her until he initiated this lawsuit. Ex. A at ¶39. She advises that she never sees "the grievances because they are handled by the Health Services Administrator." *Id.* Thus, there is no basis to find Ms. Kirkland retaliated against Plaintiff because he filed grievances. The evidence is unrebutted and summary judgment should be granted in Ms. Kirkland's favor.

## 5. Recommendation

It is respectfully **RECOMMENDED** that Defendants' unrebutted motion for summary judgment, ECF No. 54, be **GRANTED** and judgment be entered in Defendants' favor on all claims.

**IN CHAMBERS** at Tallahassee, Florida, on June 7, 2016.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**